IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CALVIN JOSEPH,
      Petitioner,

vs.                              Case No.:  3:12cv1/MCR/EMT

KENNETH S. TUCKER,
      Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Petitioner's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (doc. 1).  Respondent filed an answer and relevant portions of the state court record (doc. 19).  Petitioner filed a reply (doc. 22).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a).  It is further the opinion of the undersigned that the pleadings and attachments before the court show that Petitioner is not entitled to relief.

I.      BACKGROUND AND PROCEDURAL HISTORY

The relevant aspects of the procedural background of this case are established by the state court record (*see* doc. 19).[1]  Petitioner was charged in the Circuit Court in and for Escambia County, Florida, Case No. 2007-CF-4448, with one count of attempted robbery with a weapon (Count 1) and

---

[1] Hereinafter all citations to the state court record refer to the exhibits submitted with Respondent's answer (doc. 19).  If a cited page has more than one page number, the court cites to the "Bates stamp" page number.

one count of aggravated assault with a deadly weapon (Count 2) (Ex. C at 1, 2). Following a jury trial on April 30, 2008, Petitioner was convicted of attempted robbery with no firearm or weapon (a lesser included offense of the crime charged) and aggravated assault with a deadly weapon (as charged) (Ex. C at 56, Ex. D). On June 25, 2008, the trial court adjudicated Petitioner guilty and sentenced him as a habitual felony offender to concurrent terms of ten (10) years of imprisonment, with pre-sentence jail credit of 295 days (Ex. D at 147–53).[2]

Petitioner, through counsel, appealed the judgment to the Florida First District Court of Appeal ("First DCA"), Case No. 1D08-3827 (Ex. E). The First DCA affirmed the judgment per curiam without written opinion on November 16, 2009, with the mandate issuing December 2, 2009 (Exs. B, G). Joseph v. State, 22 So. 3d 542 (Fla. 1st DCA 2009) (Table). Petitioner did not seek further review.

On February 24, 2010, Petitioner filed a motion for postconviction relief under Rule 3.850 of the Florida Rules of Criminal Procedure in the state circuit court (Ex. I at 1–26). In an order rendered June 14, 2010, the state circuit court struck the motion as facially insufficient, without prejudice to Petitioner's filing an amended motion (id. at 27–28). Petitioner filed an amended motion on June 21, 2010 (id. at 29–47). The state circuit court summarily denied it on October 14, 2010 (id. at 48–54). Petitioner appealed the decision to the First DCA, Case No. 1D10-6023 (id. at 111). The First DCA affirmed the judgment per curiam without written opinion on January 20, 2011, with the mandate issuing February 15, 2011 (Exs. J, K). Joseph v. State, 53 So. 3d 1028 (Fla. 1st DCA 2011) (Table).

On May 25, 2011, Petitioner filed a petition for writ of habeas corpus in the First DCA, Case No. 1D11-2824, alleging ineffective assistance of appellate counsel (Ex. M). The First DCA dismissed the petition on July 12, 2011, for Petitioner's failure to comply with the court's order requiring him to serve a copy of the petition on the State and file a supplemental certificate of service demonstrating he complied with the order (Ex. N). On August 28, 2011, Petitioner re-filed

---

[2] The original judgment and sentence incorrectly designated Count 1 as a second degree felony instead of a third degree felony (Ex. C at 116–22). On December 1, 2008, the trial court issued an order directing the clerk of court to correct the judgment and sentence to state that Count 1 was a third degree felony, and to indicate that Petitioner was sentenced as a habitual felony offender (Ex. D at 133–34).

his state habeas petition with the First DCA, Case No. 1D11-4850 (Ex. P).  The First DCA denied the petition on the merits on October 5, 2011 (Ex. Q).  <u>Joseph v. State</u>, 72 So. 3d 236 (Fla. 1st DCA 2011) (Mem).

Petitioner filed the instant federal habeas action on December 29, 2011 (doc. 1).  Respondent does not assert a statute of limitations defense.  Respondent contends Petitioner failed to exhaust his claims in the state courts, and he is now procedurally barred from attempting to do so (doc. 19 at 5–13).  Respondent additionally contends notwithstanding the failure to exhaust, the claims are without merit  (<i>id.</i>).

II.    EXHAUSTION AND PROCEDURAL DEFAULT

It is a long-standing prerequisite to the filing of a federal habeas corpus petition that the petitioner have exhausted available state court remedies, 28 U.S.C. § 2254(b)(1),[3] thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights."  <u>Duncan v. Henry</u>, 513 U.S. 364, 365, 115 S. Ct. 887, 888, 130 L. Ed. 2d 865 (1995) (quoting <u>Picard v. Connor</u>, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)).  To satisfy the exhaustion requirement, the petitioner must "fairly present" his claim in each appropriate state court, alerting that court to the federal nature of the claim.  <u>Duncan</u>, 513 U.S. at 365–66; <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); <u>Picard</u>, 404 U.S. at 277–78.

The Supreme Court has provided lower court with guidance for determining whether a habeas petitioner has met the "fair presentation" requirement.  In <u>Picard v. Connor</u>, the Court held that, for purposes of exhausting state remedies, a claim for relief in habeas corpus must include

---

[3] Section 2254 provides, in pertinent part:

(b)(1)    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
      (A)  the applicant has exhausted the remedies available in the courts of the State; or
      (B) (i)  there is an absence of available State corrective process; or
           (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.
. . . .
(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief. 404 U.S. at 277. In announcing that "the substance of a federal habeas corpus claim must first be presented to the state courts," *id.*, 404 U.S. at 278, the Court rejected the contention in that case that the petitioner satisfied the exhaustion requirement by presenting the state courts only with the facts necessary to state a claim for relief.

Additionally, the Court has indicated that it is not enough that a petitioner make a general appeal to a constitutional guarantee as broad as due process to present the "substance" of such a claim to a state court. Anderson v. Harless, 459 U.S. 4, 103 S. Ct. 276, 74 L. Ed. 2d 3 (1982). In Anderson, the habeas petitioner was granted relief by the Sixth Circuit Court of Appeals on the ground that a jury instruction violated due process because it obviated the requirement that the prosecutor prove all the elements of the crime beyond a reasonable doubt. 459 U.S. at 7 (citing Sandstrom v. Montana, 442 U.S. 510, 99 S. Ct. 2450, 61 L. Ed. 2d 39 (1979)). The only manner in which the habeas petitioner cited federal authority was by referring to a state court decision in which "the defendant . . . asserted a broad federal due process right to jury instructions that properly explain state law." Anderson, 459 U.S. at 7 (internal quotation marks omitted). The Court expressed doubt that a defendant's citation to a state-court decision predicated solely on state law was sufficient to fairly apprise a reviewing court of a potential federal claim merely because the defendant in the cited case advanced a federal claim. *Id.*, 459 U.S. at 7 and n.3. Furthermore, the Court clarified that such a citation was obviously insufficient when the record satisfied the federal habeas court that the federal claim asserted in the cited case was not the same as the federal claim on which federal habeas relief was sought. *Id.*

Years later, the Supreme Court readdressed the "fair presentation" requirement in Duncan v. Henry, 513 U.S. 364. The Duncan Court strictly construed the exhaustion requirement so as to mandate that, if state and federal constitutional law overlap in their applicability to a petitioner's claim, the petitioner must raise his issue in terms of the applicable federal right in state court in order to obtain federal review of the issue.[4] The Supreme Court explained, "[i]f a habeas petitioner wishes

---

[4] The petitioner in Duncan raised a federal due process claim in his habeas petition, but had raised only a state constitutional claim in his state appeal. Presented with a state constitutional claim, the state court applied state law in resolving the appeal. 513 U.S. at 366.

to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal, but in state court." <u>Duncan</u>, 513 U.S. at 365–66. More recently, the Supreme Court again focused upon the requirement of "fair presentation," holding that "ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." <u>Baldwin v. Reese</u>, 541 U.S. 27, 124 S. Ct. 1347, 1351, 158 L. Ed. 2d 64 (2004). In <u>Baldwin</u>, the Supreme Court recognized that "[a] litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" *Id.*, 541 U.S. at 32. This language, while not part of the Court's holding, provides helpful instruction. With regard to this language, the Eleventh Circuit explained in <u>McNair v. Campbell</u>, 416 F.3d 1291 (11th Cir. 2005):

> If read in a vacuum, this dicta might be thought to create a low floor indeed for petitioners seeking to establish exhaustion. However, we agree with the district court that this language must be "applied with common sense and in light of the purpose underlying the exhaustion requirement[:] 'to afford the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary.'" <u>McNair</u> [<u>v. Campbell</u>], 315 F. Supp. 2d at 1184 (quoting <u>Vasquez v. Hillery</u>, 474 U.S. 254, 257, 106 S. Ct. 617, 620, 88 L. Ed. 2d 598 (1986)). This is consistent with settled law established by the Supreme Court. . . . We therefore hold that "'[t]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record.'"

416 F.3d at 1302-03 (citations omitted).[5]

The Eleventh Circuit, prior to <u>Duncan</u>, had broadly interpreted the "fair presentation" requirement. After <u>Duncan</u>, however, the Eleventh Circuit has taken a more narrow approach. For example, in <u>Zeigler v. Crosby</u>, the court held that the habeas petitioner failed to "fairly present" his

---

[5] In his initial brief before the Court of Criminal Appeals, McNair cited one federal case in a string citation containing other state cases, and in a closing paragraph in his argument that extraneous materials were considered by the jury during deliberations, stated that there was a violation of his rights "protected by the Fifth, Sixth, Eighth[,] and Fourteenth Amendments to the United States Constitution, the Alabama Constitution[,] and Alabama law." <u>McNair v. Campbell</u>, 416 F.3d 1291, 1303 (11th Cir. 2005). The court found that these references to federal law were not sufficient to meet the fair presentment requirement and noted that it was important that the petitioner had never mentioned the federal standards regarding extraneous materials in his brief, but relied on state law for his arguments. *Id.*

juror misconduct claims to the state courts where his brief to the state appellate court did not refer to the federal constitutional issues raised in his federal habeas petition, and none of the cases cited in his direct appeal discussed the United States Constitution. 345 F.3d 1300, 1307 (11th Cir. 2003). The Eleventh Circuit specifically noted that the section of the petitioner's appellate brief which dealt with juror misconduct contained the words: "Appellant was denied due process and a fair trial. . . .," which could be interpreted as asserting a fair trial claim under the Due Process Clause of the Florida Constitution. *Id.* at 1308 n.5. The only cases cited in the discussion of the issue in petitioner's state appellate brief were state supreme court cases that made no mention of the United States Constitution and cited no federal cases. The court concluded that petitioner's "[c]ursory and conclusional sentence (unaccompanied by citations to federal law), . . . did not present to the Florida courts the federal claim asserted to us." *Id.*

An issue that was not properly presented to the state court and which can no longer be litigated under state procedural rules is considered procedurally defaulted, that is, procedurally barred from federal review. *See* O'Sullivan, 526 U.S. at 839–40, 848; Bailey v. Nagle, 172 F.3d 1299, 1302–03 (11th Cir. 1999). This court will also consider a claim procedurally defaulted if it was presented in state court and rejected on the independent and adequate state ground of procedural bar or default. *See* Coleman v. Thompson, 501 U.S. 722, 734–35 and n.1, 111 S. Ct. 2546, 2555 and n.1, 115 L. Ed. 2d 640 (1991); Caniff v. Moore, 269 F.3d 1245, 1247 (11th Cir. 2001) ("[C]laims that have been held to be procedurally defaulted under state law cannot be addressed by federal courts."); Chambers v. Thompson, 150 F.3d 1324, 1326–27 (11th Cir. 1998) (applicable state procedural bar should be enforced by federal court even as to a claim which has never been presented to a state court); *accord* Tower v. Phillips, 7 F.3d 206, 210 (11th Cir. 1993); Parker v. Dugger, 876 F.2d 1470 (11th Cir. 1990), *rev'd on other grounds*, 498 U.S. 308, 111 S. Ct. 731, 112 L. Ed. 2d 812 (1991). In the first instance, the federal court must determine whether any future attempt to exhaust state remedies would be futile under the state's procedural default doctrine. Bailey, 172 F.3d at 1303. In the second instance, a federal court must determine whether the state's procedural default ruling rested on adequate state grounds independent of the federal question. *See* Harris v. Reed, 489 U.S. 255, 109 S. Ct. 1038, 1043, 103 L. Ed. 2d 308 (1989). The adequacy of a state procedural bar to the assertion of a federal question is itself a federal question. Lee v.

Kemna, 534 U.S. 362, 122 S. Ct. 877, 885, 151 L. Ed. 2d 820 (2002). The adequacy requirement has been interpreted to mean that the rule must be "firmly established and regularly followed," Siebert v. Allen, 455 F.3d 1269, 1271 (11th Cir. 2006), that is, not applied in an "arbitrary or unprecedented fashion," Judd v. Haley, 250 F.3d 1308,1313 (11th Cir. 2001), or in a manifestly unfair manner. Ford v. Georgia, 498 U.S. 411, 424–25, 111 S. Ct. 850, 858, 112 L. Ed. 2d 935 (1991); Upshaw v. Singletary, 70 F.3d 576, 579 (11th Cir. 1995).

The Eleventh Circuit has set forth a three-part test to determine whether a state court's procedural ruling constitutes an independent and adequate state rule of decision. Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001). First, the last state court rendering judgment must clearly and expressly state it is relying on state procedural rules to resolve the federal claim.[6] Second, the state court's decision on the procedural issue must rest entirely on state law grounds and not be intertwined with an interpretation of federal law. Third, the state procedural rule must be adequate. Id. The adequacy requirement has been interpreted to mean the rule must be firmly established and regularly followed, that is, not applied in an arbitrary or unprecedented fashion. Id.

To overcome a procedural default such that the federal habeas court may consider the merits of a claim, the petitioner must show cause for the default and prejudice resulting therefrom or a fundamental miscarriage of justice. Tower, 7 F.3d at 210; Parker, 876 F.2d 1470. "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." McCleskey v. Zant, 499 U.S. 467, 497, 111 S. Ct. 1454, 1472, 113 L. Ed. 2d 517 (1991) (quoting Murray v. Carrier, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645, 91 L. Ed. 2d 397 (1986)). To satisfy the miscarriage of justice exception, the petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Schlup v. Delo, 513 U.S. 298, 327, 115 S. Ct. 85, 130 L. Ed. 2d 808 (1995). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him." Schlup, 513 U.S. at 327. Further:

---

[6] The federal court should honor the procedural bar even if the state court alternatively reviewed the claim on the merits. Marek v. Singletary, 62 F.3d 1295, 1302 (11th Cir. 1995); Alderman v. Zant, 22 F.3d 1541 (11th Cir. 1994).

a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.

*Id.*

Within this framework, the court will review Petitioner's claims.

III.    PETITIONER'S CLAIMS[7]

A.    Ground One:  "Petitioner was convicted of a crime not charged in the amended information, Fla. Stat. 777.04(1)."

Ground Two:  "The jury was erroneously instructed on a crime that was not charged in the amended information."

Ground Three:  "The jury never made a specific finding that Petitioner possession [sic] a deadly weapon when the verdict was returned."

In Ground One, Petitioner asserts that on October 4, 2007, the State filed an information charging him with attempted robbery under Florida Statutes §§ 777.04(1) and 812.13(2)(b), and aggravated assault under Florida Statutes § 784.02(1)(a) (doc. 1 at 4). He states the State filed an amended information on April 28, 2008, 190 days after his arrest, which omitted the citation to the attempt statute as to the attempted robbery count (*id.* at 6). Petitioner contends the amendment failed to provide adequate notice of the charge to enable him to properly and adequately prepare a defense (*id.*).

In Ground Two, Petitioner argues the jury was instructed on the elements of attempt; however, this instruction should not have been given because the amended information did not properly charge attempted robbery (by virtue of the omission of the statutory citation) (doc. 1 at 4). He contends the allegedly improper jury instruction caused the jury to find him guilty of attempted robbery without a weapon or firearm (*id.*).

In Ground Three, Petitioner asserts the jury returned a verdict of guilty as charged on the aggravated assault count; however, the jury failed to make a specific finding that the BB gun he used

---

[7] The undersigned consolidated some of Petitioner's claims for organizational purposes.

was a "deadly weapon" (doc. 1 at 5).  Petitioner asserts he raised Grounds One, Two, and Three in his state petition alleging ineffective assistance of appellate counsel (*id.* at 4–5).

Respondent contends Petitioner failed to fairly present his claims, because he failed to raise them in a procedural context in which their merits could be considered, namely, direct appeal of his conviction (doc. 19 at 5–8).  Therefore, the claims are procedurally defaulted (*id.* at 8).  Respondent contends Petitioner failed to demonstrate either cause or prejudice; therefore, he is procedurally barred from presenting them in this federal habeas proceeding (*id.*).  Respondent contends notwithstanding the procedural bar, the claims are without merit (*id.* at 8–11).

In Petitioner's reply, he asserts he raised claims of both fundamental due process violations and Sixth and Fourteenth Amendment claims in his petition alleging ineffective assistance of appellate counsel (doc. 22 at 3).  He asserts the First DCA adjudicated the merits of his claims (*id.* at 3–4).  Therefore, his due process claims are not procedurally barred from federal review.

The record demonstrates Petitioner did not fairly present his federal due process claims to the First DCA in his petition alleging ineffective assistance of appellate counsel.  Petitioner titled his petition a "Petition Alleging Ineffective Assistance of Appellate Counsel Pursuant to Fla. Rule of App. P. 9.141(c)" (Ex. P).  In his petition, he stated he was filing his petition alleging ineffective assistance of appellate counsel pursuant to Article 5, § 4(b)(3) of the Florida Constitution and Rule 9.030(b)(3) of the Florida Rules of Appellate Procedure (*id.*).[8]  Petitioner raised five grounds for relief, stating the following as each ground:

> U.S. SIXTH AMENDMENT, AND U.S. 14TH AMENDMENT VIOLATION AND ART. 1, § 9
> FLA. CONST. INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

(Ex. P at 4–18).  In his statement of each ground, he asserted appellate counsel was ineffective for failing to assert Petitioner's fundamental due process rights (*id.*).  As factual support for each ground, he stated the factual basis for each due process violation that allegedly occurred in the trial proceedings and then argued appellate counsel violated his Sixth Amendment right by failing to raise each violation on direct appeal (*id.*).  The First DCA adjudicated the claims as follows:  "The petition alleging ineffective assistance of appellate counsel is denied on the merits." (Ex. Q).

---

[8] The provisions cited by Petitioner provide the district courts of appeal with original jurisdiction to issue writs of habeas corpus and other extraordinary writs.  *See* Fla. Const. art. V, § 4(b)(3); Fla. R. App. P. 9.030(b)(3).

The only claims Petitioner fairly presented to the First DCA were claims of ineffective assistance of appellate counsel.  Petitioner did not alert the First DCA that he was raising federal due process claims independent of his claims of ineffective assistance of appellate counsel.  Further, a petition alleging ineffective assistance of appellate counsel was not the proper vehicle for raising due process challenges to his conviction and sentence.  Instead, such challenges are properly raised on direct appeal of the conviction, which Petitioner failed to do (*see* Ex. E).  Therefore, Petitioner failed to provide the state court with an opportunity to pass upon and correct the alleged due process violations.

As previously discussed, a federal court will not review the merits of claims, including constitutional claims, that were not fairly and properly presented to the state courts unless he satisfies the "cause and prejudice" exception to the procedural bar or demonstrates that another exception applies.  In this case, the undersigned liberally construes Petitioner's arguments as alleging ineffective assistance of appellate counsel as cause for his failure to present his due process claims on direct appeal of his conviction.  The proper standard for evaluating a claim of ineffective assistance of appellate counsel is the standard set forth in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).  *See* Smith v. Robbins, 528 U.S. 259, 285,120 S. Ct. 746, 764, 145 L. Ed. 2d 746 (2000) (citation omitted).  The two components of an ineffectiveness claim under Strickland are performance and prejudice, and if an insufficient showing is made as to one, the court need not address the other.  Strickland, 466 U.S. at 697.  The focus of inquiry under the performance prong of the Strickland standard is whether counsel's assistance was "reasonable considering all the circumstances."  *Id.* at 691.  Appellate counsel who file a merits brief need not (and should not) raise every nonfrivolous claim but, rather, may select from among them in order to maximize the likelihood of success of on appeal.  Jones v. Barnes, 463 U.S. 745, 753–54, 103 S. Ct. 3308, 3314, 77 L. Ed. 2d 987 (1983) ("Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues.").  To demonstrate prejudice, Petitioner must show a reasonable probability that, but for his counsel's unreasonable failure to brief a particular issue, Petitioner would have prevailed on appeal.  *See* Robbins, 528 U.S. at 285.

The Eleventh Circuit has issued several decisions interpreting the <u>Strickland</u> standard with regard to claims of ineffective assistance of appellate counsel. Appellate counsel cannot be deemed ineffective for failing to raise issues "reasonably considered to be without merit." <u>United States v. Nyhuis</u>, 211 F.3d 1340, 1344 (11th Cir. 2000) (quoting <u>Alvord v. Wainwright</u>, 725 F.2d 1282, 1291 (11th Cir. 1984)). Additionally, where an issue is not preserved for appellate review, appellate counsel's failure to raise the issue is not constitutionally deficient as it is based on the reasonable conclusion that the appellate court will not hear the issue on its merits. <u>Diaz v. Sec'y Dep't of Corrs.</u>, 402 F.3d 1136, 1142 (11th Cir. 2005); <u>Atkins v. Singletary</u>, 965 F.2d 952, 957 (11th Cir. 1992); <u>Francois v. Wainwright</u>, 741 F.2d 1275, 1285–86 (11th Cir. 1984). Moreover, the arguments omitted from the appeal must have been significant enough to have affected the outcome of the appeal. <u>Nyhuis</u>, 211 F.3d at 1344 (citing <u>Miller v. Dugger</u>, 858 F.2d 1536, 1538 (11th Cir. 1988)).

In this case, Petitioner's counsel filed a merits brief raising two issues (Ex. E). Counsel argued the trial court violated the principle of the rule of completeness by permitting the State to use a portion of Petitioner's recorded statement as impeachment evidence but denying the defense's motion to introduce the complete statement (*id.*). Counsel additionally argued Petitioner's convictions and sentences for attempted robbery without a weapon and aggravated assault violated double jeopardy principles (*id.*).

Petitioner failed to show a reasonable probability that, but for his counsel's failure to brief the issues raised in Grounds One, Two, and Three, he would have prevailed on appeal. Initially, Petitioner's trial counsel did not preserve any of the issues raised in Grounds One, Two, and Three. Therefore, appellate counsel was not deficient for failing to raise them.

Additionally, there is no reasonable probability any of the issues would have been successful on appeal. It is generally a denial of due process to convict a defendant of an uncharged crime. *See generally* <u>Stirone v. United States</u>, 361 U.S. 212, 80 S. Ct. 270, 4 L. Ed. 2d 252 (1960); <u>Cole v. Arkansas</u>, 333 U.S. 196, 201, 68 S. Ct. 514, 92 L. Ed. 644 (1948) ("No principle of procedural due process is more clearly established than that notice of the specific charge, and a chance to be heard in a trial of the issues raised by that charge, if desired, are among the constitutional rights of every accused in a criminal proceeding in all courts, state or federal."); <u>Markham v. United States</u>, 160

U.S. 319, 16 S. Ct. 288, 40 L. Ed. 441 (1895); *see also* <u>Perley v. State</u>, 947 So. 2d 672, 674 (Fla. 4th DCA 2007); <u>Rogers v. State</u>, 963 So. 2d 328, 332 (Fla. 2d DCA 2007).

An information "shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fla. R. Crim. P. 3.140(b). "An information must allege each of the essential elements of a crime to be valid." <u>State v. Dye</u>, 346 So.2d 538, 541 (Fla. 1977). "A criminal information is fundamentally defective 'only where it totally omits an essential element of the crime or is so vague, indistinct or indefinite that the defendant is misled or exposed to double jeopardy.'" <u>Perley</u>, 947 So.2d at 674 (citations omitted).

Rule 3.140 of the Florida Rules of Criminal Procedure provides, in relevant part:

**(d) The Charge.**

**(1) Allegation of Facts; Citation of Law Violated.** Each count of an indictment or information on which the defendant is to be tried shall allege the essential facts constituting the offense charged. In addition, each count shall recite the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated. Error in or omission of the citation shall not be ground for dismissing the count or for a reversal of a conviction based thereon if the error or omission did not mislead the defendant to the defendant's prejudice.
. . . .
**(o) Defects and Variances.** No indictment or information, or any count thereof, shall be dismissed or judgment arrested, or new trial granted on account of any defect in the form of the indictment or information or of misjoinder of offenses or for any cause whatsoever, unless the court shall be of the opinion that the indictment or information is so vague, indistinct, and indefinite as to mislead the accused and embarrass him or her in the preparation of a defense or expose the accused after conviction or acquittal to substantial danger of a new prosecution for the same offense.

Fla. R. Crim. P. 3.140(d), (o).

In the instant case, Petitioner was convicted of attempted robbery without a firearm or weapon. Florida Statutes §§ 812.13(2)(c) and 777.04(1) establish the offense of attempted robbery without a firearm or weapon. Section 812.13(2) defines robbery as follows:

"Robbery" means the taking of money or other property which may be the subject of larceny from the person or custody of another, with intent to either permanently or temporarily deprive the person or the owner of the money or other property, when in the course of the taking there is the use of force, violence, assault, or putting in fear.

Fla. Stat. § 812.13(1) (2007).

Section 777.04, Florida Statutes, provides, in relevant part:

A person who attempts to commit an offense prohibited by law and in such attempt does any act toward the commission of such offense, but fails in the perpetration or is intercepted or prevented in the execution thereof, commits the offense of criminal attempt, . . .

Fla. Stat. § 777.04(1) (2007).

The record demonstrates that the original information charged that Petitioner:

. . . **on or about September 5, 2007**, at and in Escambia, Florida, did unlawfully attempt by force, violence, assault or putting in fear, and with the intent to either permanently or temporarily deprive, attempt to take certain property, to-wit: **United States currency and/or other items**, the property of **Robert Lee Rogers** as owner or custodian, from the person or custody of **Robert Lee Rogers** and in such attempt did any act toward the commission of such offense but failed in the perpetration or was intercepted or prevented in the execution thereof, and in the course of committing said Robbery, carried a weapon, to-wit: **a BB gun**, in violation of Sections 777.04(1) and 812.13(2)(b), Florida Statutes.

(Ex. C at 1).

The amended information, filed the day of jury selection in Petitioner's trial, charged that Petitioner:

. . . **on or about September 5, 2007**, at and in Escambia, Florida, did unlawfully by force, violence, assault or putting in fear, and with the intent to either permanently or temporarily deprive, attempt to take certain property, to-wit: **United States currency and/or other items**, the property of **Robert Lee Rogers** as owner or custodian, from the person or custody of **Robert Lee Rogers** and in the course of committing said Robbery, carried a weapon, to-wit: **a BB gun**, in violation of Section 812.13(2)(b), Florida Statutes.

(Ex. C at 2).

The amended information was not so vague, indistinct, or indefinite as to mislead Petitioner or impede the preparation of his defense. The amended information clearly notified Petitioner he was being charged with attempted robbery of Mr. Rogers. Therefore, appellate counsel had no meritorious basis to argue that the omission of the citation to the attempt statute from the amended information rendered Petitioner's conviction violative of due process.

Additionally, the trial court did not err by instructing the jury on attempt. Rule 3.510 of the Florida Rules of Criminal Procedure provides, in relevant part:

> Upon an indictment or information upon which the defendant is to be tried for any offense the jury may convict the defendant of:
>
> (a) an attempt to commit such offense if such attempt is an offense and is supported by the evidence. The judge shall not instruct the jury if there is no evidence to support such attempt and the only evidence proves a completed offense.

Fla. R. Crim. P. 3.510(a). In the instant case, the evidence adduced at trial supported an attempt instruction and did not prove a completed robbery (*see* Ex. D). Further, defense counsel did not object to the instruction on attempted robbery with a weapon (*id.* at 86–7, 89–92). Petitioner thus failed to show a reasonable probability of success on appeal if appellate counsel had argued the trial court erred by instructing the jury on attempt.

Finally, Petitioner's due process challenge to his conviction for aggravated assault, on the ground that jury returned a verdict of guilty as charged without a specific finding that the BB gun was a "deadly weapon," is without merit. Count 2 of the amended information charged that Petitioner:

> . . . **on or about September 5, 2007,** at and in Escambia County, Florida, did unlawfully and with a deadly weapon, to-wit: **a BB gun** without intent to kill, intentionally make an unlawful threat, by word or act, to do violence to the person of **ROBERT LEE ROGERS** and while having the ability to do so, did do an act, to-wit: **pointed a BB gun at said Robert Lee Rogers,** which created a well-founded fear that such violence was imminent, in violation of Section 784.021(1)(a), Florida Statutes.

(Ex. C at 2). Section 784.021(1)(a) defines aggravated assault as an assault with a deadly weapon without intent to kill. Fla. Stat. *See* Fla. Stat. § 784.021(1)(a) (2007).

The jury was instructed on Count 2 as follows:

> To prove the crime of aggravated assault, the State must prove the following four elements beyond a reasonable doubt. The first three elements define assault. No. 1, that Calvin Joseph intentionally and unlawfully threatened either by word or act to do violence to Robert Rogers. No. 2, that at the time Calvin Joseph appeared to have the ability to carry out the threat and No. 3, that the act of Calvin Joseph created in the mind of Robert Rogers a well-founded fear that the violence was about to take place and No. 4, that the assault was made with a deadly weapon.

A weapon is a deadly weapon if it is used or threatened to be used in a way likely to produce death or great bodily harm. It is not necessary for the State to prove that the defendant had the intent to kill.

. . . .

The lesser crime indicated in the definition of aggravated assault is simple assault. To prove the . . . lesser included crime of assault, the State must prove the following three elements beyond a reasonable doubt. No. 1, Calvin Joseph intentionally and unlawfully threatened either by word or act to do violence to Robert Rogers.

No. 2, that at the time Calvin Joseph appeared to have the ability to carry out the threat and No. 3, that the act of [ ] Calvin Joseph created in the mind of Robert Rogers a well-founded fear that the violence was about to take place.

(Ex. D at 114–16).

The issue of whether the non-firearm weapon used by the defendant was a deadly weapon is a question of fact to be resolved by the trier of fact based upon the evidence.[9] *See* <u>Dale v. State</u>, 703 So. 2d 1045, 1047 (Fla. 1997) (whether a BB or pellet gun is a deadly weapon is a factual question to be answered by the jury); <u>J.L. v. State</u>, 60 So. 2d 462, 464 (Fla. 1st DCA 2011) (citations omitted); <u>Young v. State</u>, 33 So. 3d 151, 153 (Fla. 4th DCA 2010); <u>Austin v State</u>, 336 So. 2d 480 (Fla. 3d DCA 1976) (question of whether particular weapon involved in assault is "deadly weapon" capable of supporting conviction for aggravated assault, is factual question to be resolved by jury); <u>Bass v. State</u>, 232 So. 2d 25, 27 (Fla. 1st DCA 1970). A "deadly weapon," for purposes of Florida's aggravated assault statute, is any instrument which, when used in the ordinary manner contemplated by its design and construction will or is likely to cause death or great bodily harm, or any instrument likely to cause great bodily harm because of the way it is used during a crime. *See* <u>D.B.B. v. State</u>, 997 So. 2d 484, 485 (Fla. 2d DCA 2008); <u>J.M. v. State</u>, 872 So. 2d 985, 986 (Fla. 1st DCA 2004); <u>Cloninger v. State</u>, 846 So. 2d 1192, 1193 (Fla. 4th DCA 2003). A jury's finding must be based upon evidence or reasonable inferences therefrom of likelihood to produce death or great bodily injury, and the jury may consider the character of the assault and the way the weapon is used. *See* <u>M.R.R. v. State</u>, 411 So. 2d 983, 984 (Fla. 3d DCA 1982) (for purposes of aggravated assault statute,

---

[9] Florida courts have held that a BB gun is not a "firearm," and is thus not a deadly weapon as a matter of law. *See* <u>Coley v. State</u>, 801 So. 2d 205, 206–07 (Fla. 2d DCA 2001);

if the instrument is not a firearm, then courts are to apply an objective test and look to the nature and actual use of the instrument); Austin, 336 So. 2d 480. The jury may consider the instrument's size, shape, material, and the manner in which it was used or was capable of being used. *See* D.B.B., 997 So. 2d at 485; Dixon v. State, 603 So. 2d 570, 574 (Fla. 5th DCA 1992). "[A] jury may conclude that a weapon is either a dangerous or a deadly weapon where the defendant's words or actions imply that the weapon is dangerous or deadly." Santiago v. State, 900 So. 2d 710, 712 (Fla. 3d DCA 2005); *see also* Mitchell v. State, 698 So. 2d 555, 558 (Fla. 2d DCA 1997).

The verdict form as to Count 2 provided the jury with three options: (1) guilty of aggravated assault as charge in the information, (2) guilty of simple assault, a lesser included offense, and (3) not guilty (Ex. C at 56). The jury found Petitioner "Guilty of Aggravated Assault (as charged in the information)" (*id.*).[10]

Upon consideration of the fact that the amended information included use of a deadly weapon, specifically, a BB gun, as an essential element of the aggravated assault charge, the jury was instructed that one of the essential elements of aggravated assault was use of a deadly weapon, and there was no dispute that the instrument used was the BB gun, the undersigned concludes that the reference in the jury's verdict to "Guilty of Aggravated Assault (as charged in the information)" was a sufficiently specific finding that the BB gun used by Petitioner during the assault was a deadly weapon. *See* Whitehead v. State, 446 So. 2d 194, 197–98 (Fla. 4th DCA 1984) (reference in jury's verdict to "aggravated assault, as charged in the information" was a sufficiently specific finding that deadly weapon was used in perpetration of assault and, hence, was aggravated). Petitioner thus failed to show a reasonable probability of success on appeal if counsel had raised a due process challenge to his aggravated assault conviction, on the ground that jury returned a verdict of guilty as charged without a specific finding that the BB gun was a "deadly weapon."

---

[10] At Petitioner's trial, the victim testified Petitioner approached him on a bicycle and told him he had a gun and wanted his money (Ex. D at 28). The victim testified he told Petitioner he did not have any, so Petitioner was going to have to shoot him (*id.* at 28–29). The victim stated Petitioner began to pat down his pockets in search of money and then pulled a gun off the handlebars of his bicycle, pointed it approximately one foot from the victim's face, and pulled the trigger (*id.* at 29–30, 36). The victim testified the weapon looked like "a 9-millimeter or a .45" (*id.* at 30). Petitioner admitted he was holding the BB gun during the attempted robbery, although he denied actually pointing it at the victim (*id.* at 61, 67). The BB gun itself was admitted into evidence (*id.* at 39).

In light of the foregoing discussion, Petitioner failed to show cause for his procedural default of Grounds One, Two, and Three. Further, he has not shown he is entitled to review of his claims through any other recognized exception to the procedural bar. Therefore, federal review of Grounds One, Two, and Three is not available.

      B.     Ground Four: "The State's Attorney filed felony criminal information absent a sworn complaint under oath documented from a material witness."

Petitioner contends the charging document was based upon hearsay statements contained in the affidavit of probable cause of the arresting police officer, and not upon sworn testimony of a material witness (doc. 1 at 5).

Respondent contends this claim is not cognizable in federal habeas, because it presents only an issue of state law (doc. 19 at 11–12). Respondent additionally asserts the same procedural default defense asserted as to Grounds One, Two, and Three (*id.* at 12–13).

Section 2254(a) of Title 28 provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court" upon a showing that his custody is in violation of the Constitution or laws of the United States. For a defective information to be a cognizable claim in a federal habeas corpus action, the charging document must be so defective that it deprives the court of jurisdiction. *See* DeBenedictis v. Wainwright, 674 F.2d 841, 842 (11th Cir. 1982) (citations omitted) ("The sufficiency of a state indictment or information is not properly the subject of federal habeas corpus relief unless the indictment or information is so deficient that the convicting court is deprived of jurisdiction."). Under Florida law, the state circuit courts have jurisdiction over all felony charges. *See* Fla. Stat. § 26.012(2)(d). The charging document in the instant case properly set forth the elements of attempted robbery with a weapon and aggravated assault with a deadly weapon, *see* Fla. Stat. §§ 777.04(1), 812.13(2)(b), 784.021(1)(a), and therefore met the minimum requirement for invoking the jurisdiction of the state circuit court (Ex. C at 1, 2). Additionally, the information contained the required sworn oath of the Assistant State Attorney, certifying that the allegations in the information "are based upon facts that have been sworn to as true, and which if true, would constitute the offense there charged," that the prosecution "is instituted in good faith," and that the Assistant State Attorney "has received testimony under oath from a material witness or witnesses for the offense"

(*id.*). Such a sworn oath by the prosecutor that he received testimony under oath from the material witness(es) for the offense is sufficient pursuant to applicable Florida law. *See* Fla. R. Crim. P. 3.140(g).[11]

Petitioner failed to show any defect in the charging document, let alone a defect that deprived the state trial court of jurisdiction. Therefore, his claim is not properly the subject of federal habeas relief.

## IV. CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

---

[11] Rule 3.140 provides:

**(g) Signature, Oath, and Certification; Information.** An information charging the commission of a felony shall be signed by the state attorney, or a designated assistant state attorney, under oath stating his or her good faith in instituting the prosecution and certifying that he or she has received testimony under oath from the material witness or witnesses for the offense. . . . No objection to an information on the ground that it was not signed or verified, as herein provided, shall be entertained after the defendant pleads to the merits.

Fla. R. Crim. P. 3.140(g).

1.     That the petition for writ of habeas corpus (doc. 1) be **DENIED**.

2.     That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 13<u>th</u> day of November 2012.


<u>/s/ Elizabeth M. Timothy</u>
**ELIZABETH M.  TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


### <u>NOTICE TO THE PARTIES</u>

        **Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**